WESSON MILLER, APPELLANT, *v.* MARY A. MILLER, EXECUTOR, ETC., OF EZEKIEL MILLER, DECEASED, RESPONDENT.

*Reference of a disputed claim against an estate — the prevailing party is not entitled to his disbursements as a matter of right — Code of Civil Procedure, sec. 3246.*

Where a disputed claim against the estate of a deceased person is referred and a report in the claimant's favor is confirmed, the claimant is not entitled, as a matter of right, to the disbursements necessarily made by him, but they, as well as the costs, are to be awarded or withheld by the court in its discretion.

APPEAL from so much of an order confirming the report of a referee appointed to pass upon a disputed claim against the estate of the defendant's testator, as provided that neither party should be "allowed disbursements nor costs before the referee, nor the costs of this motion."

*George Adee*, for the appellant.

*Davie & Arbuckle*, for the respondent.

BY THE COURT:

The question in this case has, we think, already been decided in this court. But as we are not able at this time to refer to that decision, we will briefly state our reasons for affirming the order.

The clause in the repealing act, chapter 245, Laws 1880, section 3, subdivision 8, does not affect the question, because it has reference simply to provisions of the Revised Statutes. The law granting disbursements as a matter of right is in the Code of Procedure, section 317. The Code of Civil Procedure, section 3246, takes the place of section 317 of the old Code, and does not give disbursements as a matter of right. Disbursements then, like costs, are to be awarded by the court as provided in sections 1835 and 1836, Code of Civil Procedure. (Revised Statutes, part 2, title 3, chapter 6, section 37 [2 R. S., 89.]) They do not belong to the prevailing party in such cases as a matter of right.

Order affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.